UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| IN THE MATTER OF ) | |
| ) | |
| JCB TRUCKING ENTERPRISES, LLC ) | BANKRUPTCY CASE NO: 22-40047 |
| Debtor. ) | CHAPTER 7 |

**MOTION TO COMPEL DEBTOR TO TURN OVER PROPERTY
AND RECORDS OF THE BANKRUPTCY ESTATE**

Now Comes Trustee Edward Chosnek, by counsel, and hereby moves the Court as follows:

1. On March 18, 2022, the Debtor, JCB Trucking Enterprises, LLC ("JCB" or "Debtor") filed for protection under Chapter 11 Subchapter V of the Bankruptcy Code.

2. On May 13, 2024, First Merchants Bank filed a Motion to Convert the Case from Chapter 11 to Chapter 7.

3. On May 14, 2024, a hearing was held and on May 15, 2024, the Bankruptcy Court entered its order converting the case to a proceeding under Chapter 7 of the Bankruptcy Code.

4. On May 21, 2024, Edward Chosnek was appointed as Chapter 7 Trustee ("Trustee"). A Section 341 meeting of creditors was scheduled to occur on June 19, 2024.

5. The meeting was later continued to be held on July 10, 2024. This meeting was then continued to July 22, 2024, when the meeting was conducted.

6. After the conclusion of the meeting of creditors, the Trustee sought the cooperation of the Debtor and its members for the turnover of the Debtor's assets as listed in its schedules. Trustee also sought all corporate records.

7. On October 16, 2024, Trustee filed his Application to hire Beckman Lawson, LLP ("BL") as his counsel. The Court issued its order authorizing employment of BL on October 17, 2024.

8. On November 12, 2024, Trustee, by counsel, sent a letter to Michael Bloom and Jacob Bloom, the Debtor's members, demanding the turnover of all assets and business records. A true and accurate copy of the letter is attached as Exhibit 1.

9. The Debtor and its members were to respond to the Trustee or counsel by November 20, 2024.

10. As of the date of this Motion, the Debtor and its members have failed to communicate with the Trustee or his counsel. Few records or assets have been turned over.

11. Section 521 of the Bankruptcy Code painstakingly details the Debtor's duties. Under § 521(a)(3) and (4) this Debtor must cooperate with the Trustee's exercise of his duties, and to surrender to the Trustee all property of the estate, including all assets and business records.

12. Section 541(a)(1) of the Bankruptcy Code defines property of the estate to include "all legal and equitable interests of the Debtor in property as of the commencement of the case".

13. This Motion to Compel the Debtor to turn over all property of the estate is made pursuant to §542 of the Bankruptcy Code.

14. Further, Section 105(a) of the Bankruptcy Code empowers the Court to issue any order or process, or judgment that is necessary or appropriate to carry out the provisions of this title.

15. The Debtor, JCB Trucking Enterprises, LLC, is an Indiana limited liability company. It presently is unrepresented in this case in violation of local Bankruptcy Rule B-9010-1(e).

16. Pursuant to the Business Entity Report maintained at the Office of the Indiana Secretary of State, Jacob Bloom is the Debtor's registered agent. A copy is attached as Exhibit 2.

17. Pursuant to the Business Entity Report maintained at the Office of the Indiana Secretary of State for MCB Trucking, LLC, Michael C. Bloom is the registered agent. MCB Trucking, LLC is a non-debtor limited liability company and it shares the same address as the Debtor. A copy is attached as Exhibit 3.

18. Michael C. Bloom signed the Debtor's bankruptcy petition as one of its members. [Doc. 1]

19. When Debtor filed its Chapter 11 Proceeding, it also filed its "Action by Written Consent of Members" [Doc. 10] in which Michael C. Bloom and Jacob Bloom authorized the filing of the Bankruptcy Petition.

20. By this Motion, The Trustee requests that this Court order the Debtor and its members, Michael C. and Jacob C. Bloom, to immediately turn over to the Trustee all business records and all property of the estate no later than 21 days after service of this Motion.

21. Trustee requests that if the Debtor and its members, Michael C. and Jacob C. Bloom ("Blooms"), fail to turn over all records and property of the estate by the date 21 days after the filing of this Motion and notice of it, that the Court hold the Debtor and its

members, Blooms, in contempt and issue appropriate orders compelling their action to do so pursuant the Court's inherent powers and 11 U.S.C. §105.

22.   Further, Trustee requests an order that the Debtor and Blooms account for all funds received and or used after the date this case was converted until the date all assets and records are turned over to the Trustee.

23.   Additionally, the Trustee requests that the Court order the Debtor, the Blooms and MCB Trucking, LLC, a related company occupying the same address, to cease and desist from using any funds or assets belonging to the Debtor.

24.   Finally, Trustee request that the Court order the Debtor, the Blooms and MCB Trucking, LLC, a related company occupying the same address, to provide a report to the Trustee specifically identifying all assets owned by JCB Trucking Enterprises, LLC and all assets owned by MB Trucking, LLC and to cease using or co-mingling assets.

WHEREFORE, the Trustee Chosnek, by counsel, requests that the Debtor JCB Trucking Enterprises, LLC, its members, Michael C. Bloom and Jacob C. Bloom (the "Blooms"), turnover to Trustee Chosnek and his counsel all business records, property of the estate and all information requested in the Trustee's November 12, 2024, demand letter no later than 21 days after the filing of this Motion and service of the Notice of Motion; that the Debtor and the Blooms be held in contempt if turnover is not accomplished by the date and time this Court sets a hearing of this Motion; that the Court order the Debtor and the Blooms to account for the receipt of funds and use of all assets from May 15, 2024, to the date of turnover; that the Court order the Debtor, the Blooms and MCB Trucking, LLC to cease and desist from using the Debtor's funds or assets; that the Court order the Debtor, the Blooms, and MCB Trucking, LLC to report what assets

are owned by the Debtor and what assets are owned by MCB Trucking; that the Debtor and MCB trucking cease co-mingling of assets; and for all other relief that is appropriate.

        Respectfully submitted,

        **BECKMAN LAWSON, LLP**

        /s/ Edmund P. Kos
        Edmund P. Kos (11234-49)

        Attorneys for Edward Chosnek,
        Chapter 7 Trustee

        201 West Wayne Street
        Fort Wayne, Indiana 46802
        Telephone: (260) 422-0800
        Facsimile: (260) 420-1013
        E-mail: ekos@beckmanlawson.com

## CERTIFICATE OF SERVICE

I certify that on December 19, 2024, a true and complete copy of the "Motion to Compel Debtor to Turnover Property and Records of the Bankruptcy Estate" was submitted through the CM/ECF document filing system, and copies were served on the following parties either electronically using the e-filing system or by first class United States mail, postage prepaid:

Nancy J. Gargula, United States Trustee, USTPRegion10.SO.ECF@usdoj.gov
Brian Tuinenga, brian.tuinenga@usdoj.gov
Matthew T. Barr, mbarr@rubin-levin.net
Joseph D. Bartlett, bartlett@bartlettlawusa.com
Jason R. Burke, jburke@bbrlawpc.com
Jason Cottrell, jwc@stuartlaw.com
Amy Elson, aelson@bbrlawpc.com
Ian Gammon, idg@stuartlaw.com
Anthony R. Jost, tjost@rbelaw.com
Scott M. Keller, keller@aaklaw.com
Eric James Malnar, emalnar@huckbouma.com
Jeffrey E. Ramsey, jramsey@lloydmc.com
Normal Neville Reid, nreid@foxswibel.com
James E. Rossow, jim@rubin-levin.net
Spencer W. Tanner, spencer.tanner@gutweinlaw.com
Kenneth M. Thomas, kthomas@foxswibel.com

Michael Bloom
1313 Kensington Dr.
Lafayette, IN 46905-4340

Jacob Bloom
1313 Kensington Dr.
Lafayette, IN 47905-4340

/s/ Edmund P. Kos
Edmund P. Kos

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:
NORTHERN DISTRICT OF INDIANA

Case number (if known): _____  Chapter  11

☐ Check if this an amended filing

## Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy     04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | Debtor's name | JCB Trucking Enterprises LLC |
| 2. | All other names debtor used in the last 8 years  Include any assumed names, trade names and *doing business as* names | |
| 3. | Debtor's federal Employer Identification Number (EIN) | 47-1396091 |

4. Debtor's address

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 2341 South 30th Street  Lafayette, IN 47909  Number, Street, City, State & ZIP Code | P.O. Box 5516  Lafayette, IN 47903  P.O. Box, Number, Street, City, State & ZIP Code |
| Tippecanoe  County | Location of principal assets, if different from principal place of business  _____  Number, Street, City, State & ZIP Code |

5. Debtor's website (URL)  _____

6. Type of debtor
   ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify: _____

Official Form 201     Voluntary Petition for Non-Individuals Filing for Bankruptcy     page 1

Debtor __JCB Trucking Enterprises LLC__                                    Case number (if known) _____
             Name

7. Describe debtor's business  **A. Check one:**

   ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   ☐ Railroad (as defined in 11 U.S.C. § 101(44))
   ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
   ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   ■ None of the above

   **B. Check all that apply**

   ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
   ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
   ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
      See http://www.uscourts.gov/four-digit-national-association-naics-codes.
      __4841__

8. Under which chapter of the Bankruptcy Code is the debtor filing?

   *A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.*

   **Check one:**

   ☐ Chapter 7
   ☐ Chapter 9
   ■ Chapter 11. *Check all that apply:*

       ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

       ■ **The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

       ☐ A plan is being filed with this petition.
       ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
       ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
       ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

   ☐ Chapter 12

9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?

   ■ No.
   ☐ Yes.

   If more than 2 cases, attach a separate list.

   District _____  When _____  Case number _____
   District _____  When _____  Case number _____

10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?

    ☐ No
    ■ Yes.

    List all cases. If more than 1, attach a separate list

    Debtor __JKM Storage and Rentals LLC__        Relationship __Affiliate__
    District __Northern District of Indiana__  When __3/18/22__  Case number, if known _____

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 2

Debtor   __JCB Trucking Enterprises LLC__   Case number (If known) _____
        Name

Case 22-40047-reg    Doc 1    Filed 03/18/22    Page 4 of 5

Debtor    **JCB Trucking Enterprises LLC**      Case number (*If known*) _____
       Name

**11. Why is the case filed in this district?**

Check all that apply:

- ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- ☒ No
- ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

Why does the property need immediate attention? (*Check all that apply.*)

- ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? _____
- ☐ It needs to be physically secured or protected from the weather.
- ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
- ☐ Other _____

Where is the property? _____
Number, Street, City, State & ZIP Code

Is the property insured?

- ☐ No
- ☐ Yes. Insurance agency _____
  Contact name _____
  Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

Check one:

- ☒ Funds will be available for distribution to unsecured creditors.
- ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

- ☒ 1-49
- ☐ 50-99
- ☐ 100-199
- ☐ 200-999
- ☐ 1,000-5,000
- ☐ 5001-10,000
- ☐ 10,001-25,000
- ☐ 25,001-50,000
- ☐ 50,001-100,000
- ☐ More than 100,000

**15. Estimated Assets**

- ☒ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**

- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☒ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

Debtor   JCB Trucking Enterprises LLC                                  Case number (*if known*)
         Name

## Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   March 18, 2022
              MM / DD / YYYY

X  /s/ Michael C. Bloom                          Michael C. Bloom
   Signature of authorized representative of debtor    Printed name

Title   Member

**18. Signature of attorney**

X  /s/ Sarah L. Fowler                           Date  March 18, 2022
   Signature of attorney for debtor                    MM / DD / YYYY

Sarah L. Fowler
Printed name

Overturf Fowler LLP
Firm name

9102 N. Meridian Street
Suite 555
Indianapolis, IN 46260
Number, Street, City, State & ZIP Code

Contact phone   3175593379        Email address   sfowler@ofattorneys.com

30621-49 IN
Bar number and State

## JCB TRUCKING ENTERPRISES LLC
## ACTION BY WRITTEN CONSENT OF MEMBERS

The undersigned, Michael C. Bloom and Jacob C. Bloom, as the Members ("**Members**") of JCB Trucking Enterprises LLC, an Indiana limited liability company (the "**Company**"), in accordance with and pursuant to the Company's operating agreement and Article 18 of Title 23 of the Indiana Code, do hereby consent to, adopt, and approve the following resolutions, with the same force and effect as if such resolutions were duly adopted by the affirmative vote of the Members taken at a special meeting duly called and held on the 18th day of March, 2022 ("**Effective Date**"):

WHEREAS, in the judgment of the Members, based in part upon a review of the Company's assets and liabilities and in consultation with its advisors, it is desirable and in the best interests of the Company, its creditors, equity holders, and other interested parties that a voluntary bankruptcy petition (the "**Petition**") be filed by the Company under the provisions of chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § § 101-1532 (the "**Bankruptcy Code**");

NOW, THEREFORE, BE IT RESOLVED, that the Company shall be, and it hereby is, authorized, directed, and empowered to file the Petition and to perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect the same;

FURTHER RESOLVED, that the Members are each and both hereby authorized, directed, and empowered, on behalf of and in the name of the Company, (i) to execute and verify the Petition as well as all other ancillary documents and other documents related to the bankruptcy case and to cause the Petition to be filed with the United States Bankruptcy Court for the Northern District of Indiana and to make or cause to be made prior to execution thereof any modifications to the Petition or ancillary documents as the Members, in their discretion, deems necessary or desirable in order to carry out the intent and accomplish the purposes of these resolutions (approval of any of the above- described documents to be conclusively established by the execution thereof by the Members), (ii) to execute (a) a consent to the entry of an order for relief in an involuntarily-commenced chapter 11 or chapter 7 case, if any, or (b) a request for conversion of an involuntarily-commenced chapter 11 or chapter 7 case, if any, (iii) to execute, verify, and file or cause to be filed all petitions, schedules, lists, motions, applications and other papers or documents (including, without limitation, documents executed pursuant to which the Company shall receive or guarantee postpetition funding) necessary or desirable in connection with the foregoing, and (iv) to execute and verify any and all other documents necessary or appropriate in connection therewith in such form as any of the Members may approve (such approval to be conclusively established by the execution thereof by any of the Members);

FURTHER RESOLVED, that the law firm of Overturf Fowler LLP and any

local Indiana counsel or special counsel selected by the Members, if any, are authorized, empowered, and directed to represent the Company, as debtor and/or debtor in possession, in connection with any case commenced by or against it under the Bankruptcy Code;

FURTHER RESOLVED, that Members are authorized, directed, and empowered to retain on behalf of the Company such other attorneys, financial advisors, accountants, and other professionals as such the Members shall deem appropriate in their judgment;

FURTHER RESOLVED, that the Members are authorized, directed, and empowered to enter into, in the name of and on behalf of the Company, as debtor and/or debtor in possession, any financial transactions as the Members so acting shall deem appropriate in their judgment, including, without limitation, other entities, as borrower, co-borrower, guarantor, or in any other capacity as the Members shall deem appropriate in their judgment;

FURTHER RESOLVED, that each and every manager and officer of the Company, be, and each of them, acting alone, is hereby authorized, directed, and empowered from time to time in the name of and on behalf of the Company to take such actions and execute and deliver such certificates, instruments, notices and documents as may be required or as such officer may deem necessary, advisable or proper to carry out and perform the obligations of the Company (including, without limitation, documents executed pursuant to which the Company shall receive or guarantee post-petition funding); all such actions to be performed in such manner, and all such certificates, instruments, notices and documents to be executed and delivered in such form, as the officer performing or executing the same shall approve, the performance or execution thereof by such officer to be conclusive evidence of the approval thereof by such officer and by the Company;

FURTHER RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Members, each manager and officer of the Company be, and each of them, acting alone, hereby is, authorized, directed, and empowered, in the name and on behalf of the Company, to do or cause to be done all such further acts and things and to execute and deliver all such other instruments, certificates, agreements and documents as they or any of them may consider necessary or appropriate to enable the Company to carry out the intent and to accomplish the purpose of the foregoing resolutions;

FURTHER RESOLVED, that all actions heretofore taken by any manager, officer, or director of the Company in connection with the foregoing resolutions be, and all such actions hereby are, confirmed, ratified, and approved in all respects; and

*[Remainder of Page Blank – Signature Page Follows]*

IN WITNESS WHEREOF, the undersigned Members of the Company have executed this Written Consent as of the Effective Date.

_____          _____
Michael C. Bloom, Member                 Jacob C. Bloom, Member